UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES E. HOWELL, JR., )
)
      Plaintiff, )
)
    v. ) CAUSE NO. 3:10-CV-0389 WL
)
MICHAEL BROOKS, Sheriff, *et al.*, )
)
      Defendants. )

## OPINION AND ORDER

Charles Howell, a prisoner currently housed at the Bellamy Creek Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was confined at the Elkhart County Jail as a pretrial detainee. The defendants are Elkhart Sheriff Michael Brooks, Jail Commander Samuel Naves, Classification officials Rebecca Lehman and Maria Beato, and Custody Sergeant John Rossin.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

"Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

According to the complaint, when he arrived at the Elkhart County Jail as a pretrial detainee, Howell had a separation order against Morice Kidd because he has testified against Kidd in a criminal trial in Michigan. Howell asserts that the defendants were all aware of this order and were aware that Kidd posed a threat to him. Nevertheless, on May 16, 2010, the defendants "moved Morice Kidd into the same dorm with the plaintiff, despite the order to keep them separated." DE 1 ¶ 4. According to the complaint, "Morice Kidd then severely assaulted plaintiff Charles E. Howell, Jr., causing serious bodily injury." DE 1 ¶ 5.

Howell brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Howell asserts that jail officials failed to protect him from being attacked and injured by another inmate who they knew posed a threat to him. When addressing claims brought under § 1983, analysis begins by identifying the specific constitutional

right allegedly infringed by defendants. *Graham v. Conner*, 490 U.S. 386, 394, (1989). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F.Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Bell v. Wolfish*, 441 U.S. at 535 n. 16.

Because Howell was a pretrial detainee when Kidd attacked him, the court will consider his claim as a Fourteenth Amendment claim. But "there is little practical difference between the standards utilized under the two amendments." *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001), *citing Weiss v. Cooley*, 230 F.3d at 1032. "An act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Prison and jail officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. at 833, *quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988). Deliberate indifference in such circumstances is defined as "criminal recklessness," *Id*, 511 U.S. at 839-840. An "official

3

may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* 511 U.S. at 847.

Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.), *cert. denied*, 479 U.S. 816 (1986); *see Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994); *Duane v. Lane*, 959 F.2d at 677. This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d at 347; *King v. Fairman*, 997 F.2d 259, 262 (7th Cir. 1993).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

4

Giving Howell the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted against the defendant jail officials under any set of facts that could be proved consistent with his failure to protect claim.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the defendants for damages on his claim that they were deliberately indifferent to his safety and failed to protect him from being attacked by an inmate they knew posed a threat to him;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshals service to effect service of process on the defendants, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

DATED: December 2, 2010

 s/William C. Lee  
William C. Lee, Judge  
United States District Court